```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JEFFREY RAMIREZ,                                 :

                        Petitioner,              :

        -against-                                :     MEMORANDUM AND ORDER

SUPERINTENDENT OF FIVE POINTS                    :     20-CV-9147 (PGG) (KNF)
CORR. FAC.,
                                                 :
                        Respondent.
-----------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

On November 1, 2020, petitioner Jeffrey Ramirez ("Ramirez") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, asserting:

> POINT I: The state court unreasonably applied United States Supreme Court precedent probable cause standards when Ramirez was seized unlawfully, and statements he made during the illegal detention were unlawfully used to obtain the conviction. U.S.C.A. 4th, 5th, 6thh and 14th Amends.
> POINT II: Petitioner's United States Constitutional rights were violated and the state court unreasonably applied United States Supreme Court precedent, when the state court failed to apply well established law, on psychological coercion during interrogation, that caused Ramirez illegal confession to occur.
> POINT III: Trial counsel was ineffective when he failed to hire a confession expert to testify at Ramirez's trial about the unlawful tactics utilized by the police and the probability that their tactics caused the confession given to be unreliable.

The petitioner asserted the following claims on direct appeal:

> POINT 1: BECAUSE THE APPELLANT WAS ARRESTED WITHOUT PROBABLE CAUSE, THE STATEMENTS MADE TO THE POLICE WERE INADMISSIBLE AS FRUIT OF THE POISONOUS TREE. THE STATEMENTS WERE NOT ATTENUATED FROM THIS UNLAWFUL POLICE CONDUCT.
> POINT 2: APPELLANT'S STATEMENTS OBTAINED AFTER A LENGTHY TIME IN CUSTODY, ISOLATION FROM FAMILY, AND THE FALSE PROMISE OF "THE TRUTH WILL SET YOU FREE" SHOULD HAVE BEEN SUPPRESSED.

1

>POINT 3: WHERE THE APPELLANT WAS ACQUITTED OF THE TOP COUNT, HAD NO PRIOR CRIMINAL CONVICTIONS, AND HAD NO PRIOR VIOLENT CONDUCT ATTRIBUTED TO HIM, THE MAXIMUM SENTENCE WAS EXCESSIVE AND SHOULD BE REDUCED SIGNIFICANTLY.

The petitioner's judgment of conviction was affirmed by "People v. Ramirez, 100 N.Y.S.3d 262 (1st Dep't 2019) on May 28, 2019," the New York Court of Appeals "denied Petitioner's leave application on August 8, 2019.  See People v. Ramirez, 34 N.Y.3d 936 (2019)," and he did not file a writ of certiorati in the United States Supreme Court.  In paragraph 11 of his petition, the petitioner asserted that he "has not appealed all of the issues he intends to present to the Court to the highest court in New York State.  He has several claims that cause this petition to be a mixed claim petition. As such, the Petitioner requests that this petition be stayed while he exhausts his state court remedies."

By a letter dated July 17, 2021, the petitioner requested that the petition be stayed "while he litigates his state post-conviction motion to vacate," referencing paragraph 11 of his petition. The Court denied the letter-request noting that the relief requested must be obtained, if warranted, by a formal motion, making citation to Local Civil Rule 7.1 of this court.  Before the Court is the petitioner's motion to stay the proceedings.  The respondent does not oppose the motion.

## PETITIONER'S MOTION TO STAY

The petitioner's motion is supported by his attorney's affirmation, in which the attorney contends:

> 1. On November 1, 2021,[1] Mr. Ramirez filed his petition for habeas corpus.
> 2. Specifically, POINT III of Mr. Ramirez's petition is a claim of ineffective assistance of counsel. This claim has yet to be litigated and, therefore, renders Mr. Ramirez's petition a mixed petition pursuant to the holding of Rhines v. Weber, 544 U.S. 269 (2005).

---

[1] The petition was filed on November 1, 2020, not 2021, as the petitioner's attorney asserts erroneously.

2

> 3. Currently, Mr. Ramirez's has hired an expert in psychology specializing in false confessions and intends to file a CPL § 440.10 motion in the New York State Supreme Court, Bronx County within the next 60 to 90 days.
> 4. We respectfully request the Court stay the proceedings so that Mr. Ramirez can exhaust his state court remedies.

The petitioner asserts in the petition that the petition was "filed within the time constraints outlined in 28 U.S.C. § 2254, and the AEDPA one[-]year limitation." The petitioner requests that the Court "stay the habeas corpus petition and permit Petitioner ample time to continue litigation and prove the entire trial violated fundamental rights of the Petitioner guaranteed by the United States Constitution, or any other relief the court deem just and proper."

## RESPONDENT'S POSITION

In response to the motion, the respondent submitted his attorney's declaration, in which the attorney contends that the respondent, "in the interest of comity, respectfully declines to take a position with respect to the stay motion. However, respondent reserves the right to raise a timeliness argument with respect to petitioner's claim that he received ineffective assistance of counsel, upon lifting of the stay, if granted."

## LEGAL STANDARD

When a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not, namely, a "mixed" petition, a district court has discretion to "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Rhines v. Weber, 544 U.S. 269, 275, 125 S. Ct. 1528, 1534 (2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines" that "the petitioner had good cause for his failure

to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 277-78, 125 S. Ct. at 1535.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> 28 U.S.C. § 2244(d)(1).

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650, 125 S. Ct. 2562, 2566 (2005).

## APPLICATION OF LEGAL STANDARD

The motion and the response to the motion do not comply with Local Civil Rule 7.1 of this court because neither contains a memorandum of law. The respondent represented to the Court that the respondent, "in the interest of comity, respectfully declines to take a position with respect to the stay motion." Since the respondent decided not "to take a position with respect to the stay motion," the Court will not consider, in determining the motion, the respondent's

assertion that "respondent reserves the right to raise a timeliness argument with respect to petitioner's claim that he received ineffective assistance of counsel, upon lifting of the stay, if granted."

Although no indication exists on the record before the Court that the petitioner engaged in intentionally dilatory litigation tactics, the petitioner did not explain: (a) the reason(s) for his failure to exhaust the ineffective assistance of trial counsel claim; and (b) why his unexhausted claim of ineffective assistance of trial counsel is potentially meritorious, as required to obtain a stay.  See Rhines, 544 U.S. at 277-78, 125 S. Ct. at 1535.  The petitioner's submissions suggest that the ineffective assistance of trial counsel claim arises out of facts that do not differ in time and type from his other claims; thus, once the ineffective assistance of trial counsel claim is exhausted in state courts, the petition may be deemed amended.  In light of the circumstance of this case, in which the respondent "declines to take a position with respect to the stay motion," and in the interest of justice, the Court finds that granting a stay of the proceedings until the petitioner exhausts his state-court remedies in connection with his ineffective assistance of trial counsel claim, is warranted.

## CONCLUSION

For the foregoing reasons, the petitioner's motion for a stay, Docket Entry No. 21, is granted.  The petitioner is directed to return to this court 30 days after he exhausts his ineffective assistance of trial counsel claim.

Dated:   New York, New York        SO ORDERED:
        August 20, 2021

                                                                *Kevin Nathaniel Fox*
                                                                KEVIN NATHANIEL FOX
                                                                UNITED STATES MAGISTRATE JUDGE

Case 1:20-cv-09147-PGG-KNF   Document 23   Filed 08/20/21   Page 6 of 6